## STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## KNOXVILLE

DORIS LOUISE WIMMER, )
)
        Plaintiff )
)
VS ) CASE NO. _____
)
PROSLIDE TECHNOLOGY, INC. )
HERSCHEND FAMILY )
ENTERTAINMENT, DOLLY PARTON )
PRODUTIONS, INC. and DW )
HOLDING COMPANY, LLC, )
as a joint venture d/b/a THE )
DOLLYWOOD COMPANY, )
)
        Defendants )

SERVE:    ProSlide Technology, Inc.
             2650 Queensview Drive, Suite 150
             Ottawa, Ontario Canada K2B 8H6

             Dolly Parton Produtions, Inc.
             E Resident Agent, Inc., Agent
             992 Davidson Dr. Suite B
             Nashville, Tennessee 3720

             DW Holding Company, LLC
             Robert W. Fox, Sr., Agent
             1020 Dollywood Lane
             Pigeon Forge, Tennessee 37863

             Herschend Family Entertainment
             Robert W. Fox, Sr., Agent
             2700 Dollywood Pars Blvd
             Pigeon Forge, Tennessee 37863

# COMPLAINT

The Plaintiff, Doris L. Wimmer ("the Plaintiff"), by counsel, files this Complaint for damages against the Defendants, ProSlide Technology Inc., Herschend Family Entertainment, and Dolly Parton Productions, Inc., Technology, Inc., and DW Holding Company, LLC, as a Joint Venture d/b/a The Dollywood Company ("the Defendants"), jointly and severally, and in support thereof, allege the following

## I.

## Jurisdiction and Venue

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity of citizenship exists between the Plaintiff and the Defendants.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial number of the events and/or omissions giving rise to this action occurred in this judicial district.

3. This Court has *in personam* jurisdiction over the Defendants because the Defendants' activities within the State of Tennessee give rise to this action.

## II.

## Parties

4. At all times relevant hereto, the Plaintiff has been and continues to be a citizen of West Virginia. Specifically, the Plaintiff resides in Jolo, West Virginia.

5. The Defendant ProSlide Technology, Inc. is a Canadian corporation with its principal place of business located at 2650 Queensview Drive, Suite 150, Ottawa, Ontario Canada

K2B 8H6 and can be served by Certified Mail at this address to the attention of Jennifer Draper.

6. The Defendant The Dollywood Company is a joint venture comprised of Herschend Family Entertainment(HFE), Dolly Parton Productions, Inc. and DW Holding Company, LLC. Dolly Parton Productions, Inc. is a corporation organized and existing under the law of the State of California. This corporation may be served through its registered agent, E Resident Agent, Inc., 992 Davidson Dr, Suite B, Nashville, Tennessee 3720.

7. The Defendant DW Holding Company, LLC is a limited liability corporation organized and existing under the laws of the State of Missouri and may be served through its registered agent, Robert W. Fox, Sr. at 1020 Dollywood Lane, Pigeon Forge, Tennessee 37863.

8. The Defendant Herschend Family Entertainment is a Missouri corporation with its principal place of business located at 2800 W. Highway 76, Branson, MO 65616-2170. Herschend Family Entertainment Corporation may be served with process through its registered agent, Robert W. Fox, Sr., 2700 Dollywood Parks Blvd., Pigeon Forge, TN 37863-4102

### III.

### Facts

9. On or about August 2, 2017, the Plaintiff was seriously injured while a passenger on the Big Bear Plunge water slide at Dollywood's Splash Country in Pigeon Forge, Tennessee.

10. The Big Bear Plunge is a water slide that utilizes dark caverns featuring winding turns and steep drops to give passengers the feel of a challenging white-water rafting experience along a 548 foot track.

11. The Big Bear Plunge debuted at Dollywood's Splash Country in June 2004.

12. At all times material hereto, the Defendant ProSlide Technology, Inc. was the designer, manufacturer, distributer and seller of the Big Bear Plunge water slide.

13. According to Business Wire the rafts will move at a speed of 18 feet per second which allow the slide to serve up to 1,000 passengers an hour.

14. On and prior to August 2, 2017, the Defendants DW Holding Company, LLC and Dolly Parton Productions, Inc., as a joint venture d/b/a The Dollywood Company owned, maintained and operated the Dollywood Splash Country amusement park, and specifically the Big Bear Plunge water slide.

15. On and prior to August 2, 2017, the agents, servants and employees of the Defendants DW Holding Company, LLC and Dolly Parton Productions, Inc., as a joint venture d/b/a The Dollywood Company, operated the Big Bear Plunge water slide.

16. On or about August 2, 2017, the Plaintiff, accompanied by her family, was a business invitee of Dollywood's Splash Country.

17. On or about August 2, 2017 the Plaintiff was a passenger of the Big Bear Plunge water slide. As the Plaintiff's tube was exiting off the waterslide, the tube turned around and catapulted the Plaintiff out of an opening. The Plaintiff landed on the cement area near the water slide. As a direct and proximate result thereof, she was rendered unconscious.

18. As a further direct and proximate result thereof, the Plaintiff suffered a fracture of her vertebra in the lower back at L5.

**COUNT 1**
**Negligence**

19. The Plaintiff incorporates by reference the allegations contained in paragraphs 1-18 herein.

20. At all times material hereto, the Defendant ProSlide Technology, Inc. had a duty to use reasonable care in the design, distribution, manufacture, assembly, labeling, testing and inspection of the Big Bear Plunge so that the slide could be safely used in the manner and for the purpose for which it was intended.

21. The Defendant ProSlide Technology, Inc. breached this duty by designing, distributing, manufacturing, assembling, labeling, testing and failing to properly inspect the Big Bear Plunge in one or more of the following respects:

    a. Failing to design the Big Bear Plunge in such a manner as to avoid the likelihood of injuries as a result of being thrown off the waterslide;

    b. Failing to manufacture and/or assemble the Big Bear Plunge with seatbelts which would have prevented a passenger from being thrown off of the tube;

    c. Failing to use adequate warnings and instructions concerning the characteristics and dangers attendant to the ride;

    d. Failing to use reasonable care and testing and inspection of the Big Bear Plunge to avoid an unreasonable risk of harm to the user/passenger boarding the ride, and;

    e. Otherwise negligently and carelessly designed, distributed, manufactured, assembled, labeled, tested and inspected the Big Bear Plunge.

22. The ride forces were excessive and not as would be expected by riders under normal conditions. The forces on the riders did not allow use of the slide in a normal manner. Forces encountered at the end of the slide, resulting from excessive speed and force before the bumpy cliff drop into a pool, were significant enough to injure the Plaintiff.

23. Excess thrust and the resulting excessive raft speed over the bump cliff before the drop into the pool created a defective and dangerous condition for which the Defendants are jointly and severally liable. The Defendants DW Holding Company, LLC and Dolly

5
Case 3:18-cv-00303-JRG-HBG Document 1 Filed 07/23/18 Page 5 of 13 PageID #: 5

Parton Productions, Inc., as a joint venture d/b/a the Dollywood Company negligently maintained and negligently inspected and/or failed to properly inspect and test the Big Bear Plunge after it was placed into use on the premises of the Dollywood Company.

24. The lack of safety precautions, such as a seatbelt, created a defective and dangerous condition for the riders in the rear seat position for which the Defendants are liable.

25. All the Defendants failed to test the effects of the change in the rider position on riders in the tubes.

26. Owners and operators of amusement parks in the State of Tennessee are held to the highest standard of care and all the Defendants breached this standard though their acts and omissions as more specifically set forth herein.

## COUNT II
### Tennessee Products Liability Act (Tenn. Code Ann.§ 29-28-101, *et. seq.*)

27. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 26 herein.

28. At all times material hereto, the Big Bear Plunge was in a defective condition and unreasonably dangerous to a foreseeable user in that the water slide was designed, assembled and manufactured in such a manner that the user/passenger was subject to excessive force resulting in injury.

29. The Defendant ProSlide Technology, Inc. is liable pursuant to T.C.A. § 29-28-105(a) for designing, manufacturing, assembling, selling and otherwise distributing a product which was in a defective condition or was unreasonably dangerous, and is, therefore, strictly liable for the injuries to the Plaintiff.

30. ProSlide Technology, Inc. manufactured, sold and distributed its product in a defective condition as defined by T.C.A. § 29-28-1024(2).

31. The Defendant ProSlide Technology, Inc. manufactured the Big Bear Plunge in an unreasonably dangerous condition defined by T.C.A. § 29-28-102(8) in that it was dangerous to the extent beyond that which would be contemplated by the ordinary consumer who used it with the ordinary common knowledge common to the community as to its characteristics. The attraction is unreasonably dangerous such that it would not have been put on the market by a reasonably prudent manufacturer or seller. Further, the Defendant ProSlide Technology, Inc. should have known of its dangerous conditions.

32. At all times material hereto, the Big Bear Plunge was in substantially the same condition as when it left the control of the Defendant ProSide Technology, Inc. If any changes or modifications were made to the Big Bear Plunge after it left the custody and control of the Defendant, such changes or modifications were foreseeable to the Defendant ProSlide Technology, Inc.

33. At all times material hereto, the Plaintiff was a foreseeable user of the Big Bear Plunge.

34. The Plaintiff was not aware of, and reasonably could not have discovered, the harmful nature of the attraction because the attraction was marketed and sold without adequate warning of its dangers, and because the parts of the ride causing the Plaintiff's injuries were not known to her.

35. At the time of its design, manufacture, distribution and/or sale, the Defendant ProSlide Technology, Inc. failed to place or use any adequate warnings in a visible location on the Big Bear Plunge pertaining to known hazards of boarding the Big Bear Plunge for the use, knowledge, understanding, notice and/or warning of foreseeable users of the Big Bear Plunge.

36. As a direct and proximate result of the defective and unreasonably dangerous nature of the Big Bear Plunge, and as a direct and proximate result of the Defendant ProSlide

Technology, Inc.'s failure to warn, Plaintiff was caused to suffer and sustain personal injuries.

## COUNT III
## Breach of Express Warranty

37. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 36 herein.

38. The Defendant ProSlide Technology, Inc.'s advertisements and promotional statements about the Big Bear Plunge contained broad claims amounting to a warranty that the Big Bear Plunge was not harmful.

39. As alleged above, the Defendant ProSlide Technology, Inc. breached its warranties by offering for sale and selling as a non-harmful water slide the Big Bear Plunge in a defective and unreasonably dangerous condition.

40. As a direct and proximate result of the Defendant's breach of express warranty, the Plaintiff was caused to suffer and sustain injuries.

## COUNT IV
## Breach of Implied Warranty of Merchantability and Fitness of Purpose

41. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 40 herein.

42. The Defendant ProSlide Technology, Inc. impliedly warranted that its Big Bear Plunge was merchantable and fit for safe and ordinary use.

43. The Big Bear Plunge used by the Plaintiff was dangerous, harmful, unmerchantable and unfit for use when sold. Therefore, Defendant ProSlide Technology, Inc. breached the implied warranty of merchantability and fitness of purpose at the time the Defendant

ProSlide Technology, Inc.'s product was used by the Plaintiff in that the Big Bear Plunge was not merchantable and not fit for its ordinary purpose.

44. As a direct and proximate result of the Defendant ProSlide Technology, Inc.'s breach of the implied warranty of merchantability and fitness of purpose, the Plaintiff was caused to suffer and sustain injuries.

## COUNT V
### Breach of Implied Warranty of Fitness for a Particular Purpose

45. The Plaintiff incorporate by reference the allegations contained in paragraphs 1 through 44 herein.

46. The Defendant had reason to know the particular purpose for which the Plaintiff intended to use the Big Bear Plunge. The Plaintiff was unskilled in the design, assembly and manufacture of the Big Bear Plunge and, therefore, reasonably relied entirely on the skill, judgment and warranties of the Defendant ProSlide Technology, Inc. in deciding to ride the Big Bear Plunge. As a direct and proximate result of ProSlide Technology, Inc.'s actions, the Plaintiff was caused to suffer and sustain severe injuries.

## COUNT VI
### Strict Liability

47. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 46 herein.

48. The Defendant ProSlide Technology, Inc. manufactured, sold, distributed, marketed and placed in commerce the Big Bear Plunge in a defective and unreasonably dangerous condition herein alleged, by reason of which the Plaintiff was injured.

49. Said defective and unreasonably dangerous condition proximately caused the above-described injuries while the attraction was being used for its ordinary and intended purpose in an ordinary intended manner. The attraction had not been altered or modified

by the Plaintiff. Thus, the Defendant ProSlide Technology, Inc. is strictly liable to the Plaintiff pursuant to the laws of the State of Tennessee under the Theory of Strict Liability in Tort, Section 402A Restatement of Torts Second in that the subject attraction was defective or unreasonably dangerous at the time the product left the control of the Defendant ProSlide Technology, Inc.

50. The date that the Defendant Pro-Slide Technology, Inc. placed the Big Bear Plunge into the stream of commerce, and for a time prior thereto, the Defendant Pro-Slide Technology, Inc. was ordinarily engaged in the business of designing, manufacturing, assembling, advertising and selling water attractions and component parts to members of the public for the use thereafter by members of the public, including the Plaintiff. The Defendant ProSlide Technology, Inc. is liable to the Plaintiff under the Theory of Strict Liability in Tort, Section 402A Restatement of Torts Second, in that the amusement park ride was in a defective and unreasonably dangerous condition at the time the product left the control of the Defendant ProSlide Technology, Inc.

51. The unreasonably dangerous nature of the water coaster created a high probability that the attraction would be involved in accidents resulting in injury and/or death. The Defendant ProSlide Technology, Inc. knew of the risk before producing and marketing the subject water coaster in conscious disregard for the consequences, and willfully and wantonly manufactured and sold these products which caused the Plaintiff injuries.

52. The Defendant ProSlide Technology, Inc. failed to equip the water coaster with proper safety mechanisms.

53. At the time the defective attraction left the control of the Defendant ProSlide Technology, Inc., there was a safer, alternative design that was economically and

technologically feasible that would have prevented or significantly reduced the risk of the Plaintiff's injuries without substantially impairing the product's utility.

54. As a direct and proximate result of the Defendant ProSlide Technology, Inc.'s actions, the Plaintiff was caused to suffer and sustain injuries.

## COUNT VII
### Failure to Warn

55. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 54 herein.

56. The Defendants knew or had reason to know that the Big Bear Plunge was likely to be dangerous for its intended use or foreseeable misuse.

57. As such, the Defendants had a duty to use reasonable care to warn invitees, like the Plaintiff, about the dangers associated with riding the Big Bear Plunge.

58. The Defendants had a duty to give these warnings to those patrons whom they should have reasonably expected to use the products to be endangered by the products, as it is reasonable to believe that those persons would not realize the dangers without the warnings.

59. The Plaintiff did not receive any warning pertaining to the hazards in question.

60. As a direct and proximate result of the Defendants' actions, the Plaintiff was caused to suffer and sustain injuries.

## COUNT VIII
### Negligence

61. The Plaintiff incorporates by reference all allegations contained in paragraphs 1 through 59 herein.

62. The Defendants collectively violated the ASTM Standard practices for classification, design, manufacture, construction and operation of water slide systems as follows:

> ASTM Section 8.1.3 – A water slide shall be designed and constructed so that forces on riders allow the ride to use the slide in accordance with the rules and instructions under normal operation conditions.

63. The ride forces on or about August 2, 2017 on the Big Bear Plunge were strong enough to throw the Plaintiff off the water coaster to land on a concrete area causing injury to the Plaintiff.

64. Excessive thrust and resulting excessive plunges created a defective and dangerous condition.

65. As a direct and proximate result of the Defendants' actions, the Plaintiff was caused to suffer and sustain injuries.

## COUNT IX
### Causation

66. The Plaintiff incorporates by reference all allegations contained in paragraphs 1 through 63 herein.

67. As a direct and proximate result of the acts and omissions of the Defendants, jointly and severally, the Plaintiff has suffered injuries, both economic and non-economic and other damages.

### Ad Damnum

WHEREFORE, the Plaintiff, respectfully moves the Court for the following relief:

1. That process issue and the Defendants be required to answer this Complaint within the time prescribed by the Federal Rules of Civil Procedure and applicable law.

2. That the Plaintiff be awarded judgment against the Defendants, jointly and severally, in the amount of $750,000.00, plus interest at the judgment rate from August 2, 2017, until paid.

12
Case 3:18-cv-00303-JRG-HBG   Document 1   Filed 07/23/18   Page 12 of 13   PageID #: 12

3. That the Plaintiff be awarded such other legal and equitable relief to which she may be entitled, including but not limited to court costs and other general relief.

4. That the Plaintiff further demands a jury to try the issues joined.

DORIS L. WIMMER,

By counsel

STREET LAW FIRM, LLP
1142 Riverview Street
P. O. Box 2100
Grundy, VA 24614
276/935-2128 (telephone)
276/935-4162 (facsimile)

Joseph McAfee, Esq. BPR # 029291
McAfee, & McAfee, PLLC
100 West Summer Street
Greeneville, TN 37743
423-972-4391 (telephone)
423-972-4741 (facsimile)

/s/ Thomas R. Scott Jr
Thomas R. Scott, Jr., BPR # 027026